UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRY DAY, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) NO. 1:10-cv-01320-RLY-MJD |
| | ) |
| CHEVRON U.S.A. INC., | ) |
| TEXACO, INC., | ) |
| | ) |
| Defendants. | ) |

**Order on Pending Motion**

This matter comes before the Court on Plaintiff Terry Day's Motion for Leave to Amend Second Amended Complaint. [Dkt. 20.] The Court, being duly advised, now **DENIES** the motion, as follows:

**I. Background**

In 2007, Plaintiff Terry Day purchased property located at 1017 West Main Street in Greenfield, Indiana, with the intention of operating an auto sales business thereon. On March 6, 2008, while the property was undergoing construction, Day discovered three underground storage tanks. The tanks were not registered, and Day had not been aware of their existence. Subsequent efforts to remove the tanks led to the discovery that the tanks were leaking. Day reported the incident to the Indiana Department of Environmental Management, whose assessment of the site revealed the presence of chemicals commonly associated with petroleum

1

products. Day alleges that Texaco, which previously operated a gas station on the lot, is responsible for the contamination.

In 1987, Texaco filed for bankruptcy in the Bankruptcy Court for the United States District Court for the Southern District of New York. The Confirmation Order entered by the same court on March 23, 1988 provides that any action to collect debts from Texaco be "permanently enjoined, stayed and restrained" [Dkt. 20 Ex. 2 at ¶ 25.]

Day theorizes that he may still recover from Texaco or its alleged successor, Chevron, the costs he has incurred as a result of the contamination. Day believes that Indiana's enactment of the Environmental Legal Action ("ELA") statute and Underground Storage Tank Act ("USTA") subsequent to the Confirmation Order will enable him to recover from Texaco or Chevron notwithstanding the Confirmation Order. Chevron has indicated Texaco may seek contempt sanctions from the Bankruptcy Court if Day pursues his claim. In response, Day moved to amend his second amended complaint to include a request for "a declaration that its ELA and USTA claims are not discharged claims under 11 U.S.C. § 101(5), and that Day may therefore seek recovery against Texaco under the ELA and USTA." [Dkt. 20-1 at 9.]

## II. Discussion

Federal Rule of Civil Procedure 15 allows a party to amend its complaint with the court's leave "when justice so requires." However, it is not in the interest of justice for the courts to grant amendments that are futile. *Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001). Because Day's proposed declaratory judgment action is improper, amendment of the complaint to include such a claim would be futile.

The Declaratory Judgment Act, 28 U.S.C. § 2201, permits a court to declare the rights of parties embroiled in an actual controversy. The declaratory judgment action proposed by Day fails in that it neither involves an actual controversy nor declares his rights in relation to the rights of Texaco.

Article III of the United States Constitution grants the courts jurisdiction over cases and controversies; they do not have jurisdiction over cases that are not "ripe" for adjudication. *Rock Energy Co-op. v. Vill. of Rockton*, 614 F.3d 745, 748 (7th Cir. 2010) (citing *Smith v. Wis. Dep't of Agric., Trade and Consumer Prot.*, 23 F.3d 1134, 1141 (7th Cir. 1994)). The doctrine of ripeness prevents plaintiffs from suing for potential future injuries that are remote or theoretical. *Id.* (citing *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 538 (7th Cir. 2006)). There is no straightforward test to determine whether a particular situation is ripe. *Id.* However, it is clear that the present situation is not ripe for resolution. Rather, Day's potential to suffer the injury he claims is contingent on various events that have not yet come to pass. He will not be sanctioned by the Bankruptcy Court unless he asserts a claim against Texaco, the Bankruptcy Court determines that his claim violates the 1988 injunction issued in relation to Texaco's bankruptcy, and the Bankruptcy Court decides to sanction him for his actions. Therefore, Day's potential sanctioning by the Bankruptcy Court does not constitute an actual controversy at this time.

Regardless, even if the situation were ripe, Day has not requested a declaration of his rights in relation to another party's rights in the matter. There is no "right" to have this Court interpret an order entered by the Bankruptcy Court. Day's proposed amendment is, rather, a request for an advisory opinion as to the proper interpretation of the Bankruptcy Court's order. Furthermore, Day appears to be asking for a declaration of his rights relative to the Bankruptcy Court. However, as the Bankruptcy Court is not a party to the litigation, a determination of Day's

rights with respect to the Bankruptcy Court would be an improper use of a declaratory judgment under the Declaratory Judgment Act.

Finally, even if Day's request for a declaratory judgment had been entirely proper, the Court still would not be required to consider his request. The decision to entertain a declaratory judgment is within the discretion of the Court; it is not mandatory. *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494-95 (1942). According to *Am. Cold Storage v. NBD Bank*, "the standards generally to be applied in exercising discretion to hear a declaratory judgment action are whether a declaratory judgment will settle the particular controversy and clarify the legal relations in issue." 881 F. Supp. 385, 387 (S.D. Ind. 1994) (quoting *Sears, Roebuck and Co. v. Am. Mut.Liab. Ins. Co.,* 372 F.2d 435, 438 (7th Cir. 1967)). It is clear that a declaratory judgment from this Court interpreting the 1988 injunction would not settle the entire controversy between Day and Chevron or Texaco. In contrast, it would most likely only affect the litigation strategies of the parties without advancing the case in any meaningful way.

Another factor this Court would consider is whether there is an avenue that could deal with the conflict more effectively. *See Nationwide Mut. Fire Ins. Co. v. Willenbrink*, 924 F.2d 104,105 (6th Cir. 1991) (citing *Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 277 (6th Cir. 1990)). In Day's case, it seems the most effective, appropriate avenue would be to file a motion with the Bankruptcy Court of the Southern District of New York seeking leave to file his claim against Texaco, thereby allowing the Bankruptcy Court to interpret its own order.

### III. Conclusion

For the reasons stated above, Day's Motion for Leave to Amend Second Amended Complaint is **DENIED**.

4

Dated: 09/29/2011

[signature]

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution List:

Donald C. Biggs
TAFT STETTINIUS & HOLLISTER LLP
dbiggs@taftlaw.com

Frank J. Deveau
TAFT STETTINIUS & HOLLISTER LLP
fdeveau@taftlaw.com

Allison Wells Gritton
SPALDING & HILMES, PC
awgritton@spaldinglaw.net

David L. Guevara
TAFT STETTINIUS & HOLLISTER LLP
dguevara@taftlaw.com

Rosemary Glass Spalding
SPALDING & HILMES PC
rgspalding@spaldinglaw.net